IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRA SULLIVAN, et al., <br> Plaintiffs, <br> v. <br> SAFEWAY, INC., et al., <br> Defendants. | Case No. 19-cv-03187-MMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING LEAVE TO AMEND** <br><br> Re: Dkt. No. 28 |

Before the Court is defendants' "Motion," filed August 23, 2019, "to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Failure to State a Claim for Relief." Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

1. For the reasons stated by defendants, the Court finds plaintiffs have failed to allege or otherwise show this Court can exercise personal jurisdiction over any defendant other than Safeway Inc. ("Safeway"),[2] plaintiffs having failed to plead or otherwise offer facts to support a finding that any such other defendant is either incorporated, headquartered, or otherwise "at home" in California, see Goodyear Dunlop Tires

---

[1] By order filed earlier this date, the Court took the matter under submission. As set forth in said order, no opposition has been filed. On October 14, 2019, the date on which any opposition was due, plaintiffs filed an administrative motion for extension of time to file their opposition. On October 18, 2019, the motion was denied (see Doc. No. 40), after which plaintiffs filed a "Supplemental Declaration," attaching thereto a proposal for a stipulation of dismissal, to which defendants have replied.

[2] The defendants in the above-titled action are Safeway Inc.; Albertsons Companies, Inc.; Albertson's LLC; New Albertsons L.P., as successor in interest to New Albertson's, Inc.; Albertsons Companies, Inc., as defendant and as successor in interest to Albertson's Holdings LLC; Albertson's Stores Sub Holdings LLC; AB Acquisition LLC; AB Management Services Corp.; American Food and Drug LLC; and Ink Holdings, LLC.

Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011), or, alternatively, that the instant action "arise[s] out of" any such defendant's "contacts with [said] forum," see Bristol-Myers Squibb v. Superior Court, 137 S. Ct. 1773, 1780 (2017) (internal alteration omitted).[3]

2. For the reasons stated by defendants, plaintiffs' Third Cause of Action, alleging a violation of California Civil Code § 1785.20.5(a), is subject to dismissal, as plaintiffs have failed to show the reports on which they rely in support of such claim contain information "bearing on [their] credit worthiness, credit standing, or credit capacity." See Cal. Civ. Code § 1785.3(c).

Accordingly, defendants' motion to dismiss is hereby GRANTED, the complaint is DISMISSED in its entirety as to all defendants other than Safeway, and, as to Safeway, the Third Cause of Action is dismissed. If plaintiffs wish to file an amended complaint, they shall do so no later than December 3, 2019. If an amended complaint is not filed, the above-titled action will proceed on the remaining claims against Safeway.

**IT IS SO ORDERED.**

Dated: November 8, 2019

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of this ruling, the Court does not address herein defendants' additional argument that plaintiffs lack Article III standing as to any such defendant.

2