1
2
3
4
5
6
7
8      **UNITED STATES DISTRICT COURT**
9    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11   KENDRA SULLIVAN, *et al.*,                    Case No. 3:19-cv-03187-MMC (Consolidated)
12         Plaintiffs,                             **[PROPOSED]** **ORDER GRANTING**
13                                                 **PLAINTIFFS' MOTION FOR**
              v.                                   **PRELIMINARY APPROVAL OF CLASS**
14                                                 **ACTION SETTLEMENT**
15   SAFEWAY INC., *et al.*,
16         Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

BEFORE THE COURT is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement submitted by Plaintiffs Kendra Sullivan, Marianna Williams, Johanna Mathews, Sharmarray Ross, Kysha Drew, Jeannie Jones, and Staci Gilman ("Plaintiffs" or "Class Representatives"), individually, and on behalf of all Settlement Class Members pursuant to Federal Rule of Civil Procedure 23. The Court having considered the Motion, and any arguments of counsel presented at the hearing on February 12, 2021, is of the opinion that the Motion should be granted.

It is therefore, ORDERED that Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is GRANTED.

Accordingly, it is FURTHER ORDERED as follows, and the Court makes the findings set forth below:

1. <u>Preliminary Approval of the Proposed Settlement</u>. "The Class Action Settlement Agreement" ("Agreement") signed by the Parties on December 29, 2020, is preliminarily approved pending a Final Fairness Hearing. The Court preliminarily finds that settlement on the terms in the Agreement is fair, reasonable, and adequate and that such settlement is in the best interests of the Settlement Class, as that term is defined in the Agreement. The Court further finds that the settlement proposed in the Agreement resulted from arm's length negotiations. Further, Plaintiffs' "General Release" is preliminarily approved pending a Final Fairness Hearing.

2. <u>Class Certification for Settlement Purposes</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following class, to be known as the "Settlement Class," which consists of two subclasses as defined in the Agreement, the "Safeway Subclass" and the "Vons Subclass":

> All employees and/or prospective employees of Defendants within the United States who were the subject of a consumer report by Defendants anytime between and including June 6, 2017, and November 25, 2019, inclusive, for the Safeway Subclass, and February 20, 2018, and November 25, 2019, inclusive, for the Vons Subclass.

3. <u>Prerequisites for Class Action</u>. Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

  (a) The Settlement Class appears so numerous that joinder of all members is impracticable.  The Settlement Class consists of approximately 151,152 members;

  (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

  (c) The Class Representatives' claims for the alleged violations of the disclosure provisions of the Fair Credit Reporting Act appear to be typical of the claims of the Settlement Class; and

  (d) The Class Representatives and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

4. <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

  (a) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and

  (b) Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

5. <u>Appointment of the Class Representatives and Class Counsel</u>.  Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs Kendra Sullivan, Marianna Williams, Johanna Mathews, Sharmarray Ross, Kysha Drew, Jeannie Jones, and Staci Gilman are appointed as Class Representatives for the Settlement Class.  In accordance with Federal Rule of Civil Procedure 23(g), the Court appoints J. Nelson Thomas, Jessica L. Lukasiewicz, and Jonathan W. Ferris of THOMAS & SOLOMON LLP, Steven Tindall and Jeffrey Kosbie of GIBBS LAW GROUP LLP, and Rosa Vigil-Gallenberg of GALLENBERG PC as Class Counsel for the Settlement Class.   Class Counsel will file a motion for reasonable attorneys' fees and costs, to be heard at the Final Fairness Hearing.

6. <u>Claims Administrator</u>.  American Legal Claims Services, LLC, is appointed to serve as the claims administrator ("Claims Administrator"). The Claims Administrator is authorized to email and mail the approved Summary Notice to Settlement Class Members and further administer the settlement in accordance with the Agreement and this Order.

7. <u>Notice of Proposed Class Action Settlement</u>.  The Court approves the form and content of the Settlement Notice consisting of the Long Form Notice appended hereto as **Exhibit A** ("Long Form Notice") and the Summary Notice appended hereto as **Exhibit B** (by postcard and email) ("Summary Notice").  Similarly, the Court approves the form and content of the Claim Form appended hereto as **Exhibit C** ("Claim Form").  The Court finds that the form and method for notifying the Settlement Class meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.  Defendants shall, by February 26, 2021, provide to the Claims Administrator a list of Settlement Class Members that identifies for each Settlement Class Member his/her name, email address, and address at the time a background report was requested.  The Claims Administrator shall, by March 5, 2021, email the Summary Notice to each Settlement Class Member.  Defendants' Counsel, Class Counsel, and the Claims Administrator collectively may correct immaterial errors on the Summary Notice, Claim Form, or other mailed materials without approval from the Court, provided the changes do not alter the preliminary approval by the Court.  The Claims Administrator shall follow the additional procedures set forth in Paragraph 45 of the Agreement to process Summary Notices that are undelivered and returned.

8. <u>Claims Procedure</u>.  Settlement Class Members will have until April 30, 2021, to submit their claims or opt-out, with proof of submission date being the date such claim or opt-out was electronically submitted or postmarked.  Settlement Class Members will also have until April 30, 2021, to object to the Settlement in the manner prescribed by Paragraph 49 of the Agreement.  Settlement Class Members will be entitled to receive an Individual Settlement Payment, as defined in the Agreement, only if the Settlement Class Member does all of the following: (i) completes the Claim Form in its entirety; (ii) electronically or physically signs the Claim Form certifying that its contents are true and correct; and (iii) electronically submits through the settlement website or otherwise returns the Claim Form to the Claims Administrator with an electronic or postmarked submission date that is on or before April 30, 2021; and (iv) does not opt out of the settlement.

9. <u>Opting Out of the Settlement</u>.  Unless a Settlement Class Member timely opts out of the settlement described in the Agreement, he/she shall be bound by the terms and conditions of the

1  Agreement, and shall also be bound by the Court's Final Approval Order and Final Judgment enjoining
2  all Settlement Class Members from pursuing, or seeking to reopen, any of the Released Claims against
3  the Released Parties, as those terms are defined in the Agreement, regardless of whether he or she
4  timely submits a Claim Form.  A Settlement Class Member will not be entitled to opt-out of the
5  settlement established by the Agreement unless he or she timely does the following: either (i) sends a
6  signed letter (by U.S. Mail to the address provided in Section 14 of the Long Form Notice) to the
7  Claims Administrator including (a) his/her full name; (b) an email address and/or telephone number; (c)
8  a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish
9  to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the
10 Settlement; and (d) the case name and case number; or (ii) completes and electronically submits the
11 opt-out form available on the settlement website.

12        10.    *Objecting to the Settlement*.  Settlement Class Members will have until April 30, 2021,
13 to object to the settlement by filing a written objection with the Court.  The objection must (i) clearly
14 identify the case name and number; (ii) be submitted to the Court by filing the written objection through
15 the Court's Case Management/Electronic Case Files system, by mailing the written objection to the
16 Clerk of Court for United States District Court for the Northern District of California, or by filing the
17 written objection in person at any location of the United States District Court for the Northern District
18 of California; and (iii) be filed or postmarked by April 30, 2021.  Only objecting Settlement Class
19 Members who make objections in the manner described in Paragraph 49 of the Agreement will be
20 considered Objectors and will therefore be permitted to be heard at the Final Fairness Hearing;
21 Settlement Class Members who fail to make objections in the manner specified in Paragraph 49 of the
22 Agreement are not considered Objectors, shall be deemed to have waived any objections, shall be
23 foreclosed forever from seeking review or making any objection to the settlement or the terms of the
24 Agreement, and shall not be permitted to be heard at the Final Fairness Hearing.

25        11.    *Cy Pres* Award.  The Court preliminarily designates any *cy pres* award for the
26 Employment Rights Project at Bet Tzedek Legal Services.

27
28

12. <u>Nonsubstantive amendments.</u> Nonsubstantive amendments may be made to the Agreement or Settlement Notice upon written agreement of the Class Counsel and Defendants' Counsel without court approval.

13. <u>Final Fairness Hearing</u>. A Final Fairness Hearing is set for June 11, 2021, at 9:00 a.m. At the Final Fairness Hearing, the Court will consider the merits of any objections to the settlement; certification of the Settlement Class; the fairness, reasonableness, and adequacy of the proposed settlement; entry of a Final Approval Order and a Final Judgment; and other related matters. In the event that the Final Effective Date, as defined in the Agreement, does not occur, the Parties will be returned to their respective positions nunc pro tunc as those positions existed prior to the execution of the Agreement.

**IT IS SO ORDERED.**

Dated: February 19, 2021

_____
HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE