Steven M. Tindall (SBN 187862)
Jeffrey Kosbie (SBN 305424)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
smt@classlawgroup.com
jbk@classlawgroup.com

Rosa Vigil-Gallenberg (SBN 251872)
**GALLENBERG PC**
800 S. Victory Blvd Suite 203
Burbank, CA 91502
Tel: (818) 237-5267
Fax: (818) 330-5266
Rosa@GallenbergLaw.com

Jessica L. Lukasiewicz (*admitted pro hac vice*)
Jonathan W. Ferris (*admitted pro hac vice*)
**THOMAS & SOLOMON LLP**
693 East Avenue
Rochester, New York 14607
Tel: (585) 272-0540
jlukasiewicz@theemploymentattorneys.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDRA SULLIVAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SAFEWAY INC., et al., <br><br> Defendants. | Case No. 3:19-cv-03187-MMC (Consolidated) <br><br> **DECLARATION OF JESSICA L. LUKASIEWICZ IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS** <br><br> **Date:** June 11, 2021 <br> **Time:** 9:00 a.m. <br> **Courtroom:** 7 <br> **Judge:** Hon. Maxine M. Chesney |

DECL. OF J. LUKASIEWICZ ISO MOTION FOR FEES, COSTS, AND SERVICE AWARDS
CASE NO. 3:19-CV-03187-MMC (CONSOLIDATED)

I, **Jessica L. Lukasiewicz**, declare as follows:

1. I am a partner with the law firm Thomas & Solomon LLP ("Class Counsel") and counsel for Plaintiffs Kendra Sullivan, Marianna Williams, Kysha Drew and Jeannie Jones ("Plaintiffs") and the proposed Class. I submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Class Representative Service Awards.

2. I make this statement based on my own personal knowledge, and if called to testify, I could and would testify competently thereto, except where I make a statement on information and belief, in which case I am informed and believe the statement to be true.

*The Hutto Action*

3. On October 24, 2019, plaintiffs Jaci Hutto and Jennifer Melnik filed a class action complaint in the Idaho District Court against Albertsons Companies, Inc., Albertson's LLC, Albertsons Companies, LLC, New Albertsons L.P., Albertsons Stores Sub Holdings, LLC, AB Acquisition LLC, AB Management Services Corp., American Food and Drug LLC, Ink Holdings LLC, and Albertson's Holdings LLC (collectively, "Albertsons") for FCRA violations (the "*Hutto*" action).

4. As in the Safeway and Vons actions, the *Hutto* Plaintiffs allege that Albertsons procured consumer and investigative consumer reports regarding employees and job applicants without using legally compliant disclosures and authorizations.

5. Because of the similarities between *Hutto* and *Sullivan*, the parties in *Hutto* agreed to stay that action pending a determination on the anticipated summary adjudication motions in *Sullivan*.

6. Concurrently with the settlement negotiations in the *Sullivan*, *Gilman*, and *Drew* actions, the parties *Hutto* also reached a settlement.

7. On October 30, 2020, the *Hutto* plaintiffs filed an administrative motion in this Court to relate the *Hutto* action to the *Sullivan* action.

*Thomas & Solomon LLP's Fee Request is Reasonable under the Lodestar Method*

8. Thomas & Solomon LLP has spent over 1,100 hours litigating the cases since its inception almost two years ago in June 2019.

9. Multiplying the hours that Thomas & Solomon LLP reasonably spent by their hourly rates results in a total lodestar to date of $541,938.50.

1

DECL. OF J. LUKASIEWICZ ISO MOTION FOR FEES, COSTS, AND SERVICE AWARDS
CASE NO. 3:19-CV-03187-MMC (CONSOLIDATED)

10. Thomas & Solomon has expended considerable time, effort, and resources to achieve the significant outcome for Class Members in this case.

11. Thomas & Solomon took this case on a contingency basis with no assurance of ever recovering its fees and costs expended to litigate this matter on behalf of Plaintiffs and the Class.

12. From Plaintiffs' and Class Members' perspective, it would have been impossible to finance this litigation on an hourly basis and, but for Thomas & Solomon's willingness to front the legal fees and costs in this risky litigation for over a year, this case simply would have never been litigated.

13. Thomas & Solomon's time investment in this action precluded its ability to take on other, potentially profitable work.

*Thomas & Solomon LLP's Skill and Experience*

14. Thomas & Solomon is a law firm that concentrates its practice in employment law and, in particular, class actions.

15. The lawyers at Thomas & Solomon are seasoned litigators who are experienced in employment issues with considerable experience in prosecuting class actions and other complex litigation, and are therefore competent and capable of conducting this litigation.

16. For example, founding partner, J. Nelson Thomas currently sits on the American Bar Association's editorial board for the Fair Labor Standards Act treatise.

17. Mr. Thomas is a nationally recognized speaker on class and collective actions.

18. Further, Partner Jessica Lukasiewicz has litigated class and collective action lawsuits for over twelve years at Thomas & Solomon.

19. Associate Jonathan Ferris has litigated class and collective actions for over eight years at Thomas & Solomon.

20. Associate Erin Hanlon graduated from Elisabeth Haub School of Law at Pace University in 2009.

21. Associate Conor Tallet graduated from Syracuse University College of Law in 2018.

22. Associate Adam Sanderson graduated from Syracuse University College of Law in 2018.

23. During their time with Thomas & Solomon, Mr. Thomas, Ms. Lukasiewicz, Mr. Ferris, Mr. Anderson, Mr. Tallet and Ms. Hanlon have represented class of thousands upon thousands of class members, in both class and collective actions. A few examples of these successes include the following:

- *Davis v. JPMorgan Chase & Co.,* No. 01-6492 (W.D.N.Y.). Nationwide class and collective action of mortgage underwriters seeking unpaid overtime. After ten years of litigation, including an appeal to the Second Circuit which reversed the district' court's order granting summary judgment in favor of the defendants, the parties reached a $42 million settlement that received final approval in 2011.

- *Malcolm & Luciano v. Eastman Kodak Co.*, Nos. 03-6589, 04-6194 (W.D.N.Y.). Class and collective actions on behalf of certain technical writers and customer support service specialists alleging such employees had been improperly misclassified as exempt from overtime. The parties agreed to a settlement fund of $11 million to resolve the claims. The court granted final approval of the settlement in 2007.

- *George v. TD Bank, N.A.*, No. 12-1695 (D.Conn.). Class and collective action filed on behalf of employees who performed underwriting functions for the financial institution for wage and hour violations. In 2013, the parties reached an $8 million settlement.

- *Gregg v. Trustees of the Univ. of Penn.*, No. 09-5547 (W.D. Pa.). Class and collective action lawsuit on behalf of hospital workers for unpaid wages, including during meal breaks. The parties reached a $7.75 million settlement in 2011.

- *Stenclik v. JPMorgan Chase & Co.*, No. 06-6237 (W.D.N.Y.). Represented plaintiffs who worked as personal and consumer bankers in a class and collective action claiming they were misclassified as exempt from overtime. A $7.75 million settlement was reached in 2007.

24. Many courts have acknowledged Thomas & Solomon's class action leadership and ethical standards. *See Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 182 (W.D.N.Y. 2005) (Thomas & Solomon "has demonstrated that it is well-qualified to conduct the litigation."); *Camesi v. Univ. of Pittsburgh Med. Ctr.,* No. 09-85J, 2009 WL 3032590, at *1 (W.D. Pa. Sept. 17, 2009) (granting appointment as Plaintiffs' counsel because Thomas & Solomon LLP were "qualified and could appropriately represent the plaintiffs"); *Masters v. F.W. Webb Co.,* No. 03-CV-6280L, 2006 WL 2604833, at *3 (W.D.N.Y. Sept. 11, 2006) (Thomas & Solomon LLP "is abundantly experienced in employment litigation, a substantial portion of which has been conducted before this Court."); *Hamelin v. Faxton-St. Luke's Healthcare,* 274 F.R.D. 385, 396 (N.D.N.Y. 2011) (Thomas & Solomon has "established they are qualified and able to conduct this litigation.").

*Thomas & Solomon's Number of Hours Expended*

25. It is the standard practice of Thomas & Solomon to have all timekeepers, including attorneys and paralegals, make and maintain records of time spent and work performed with respect to each matter the firm undertakes. These records are made contemporaneously with, or near in time, to when the work is performed.

26. Consistent with these practices, Thomas & Solomon made and maintained contemporaneous records of the work performed and billed in connection with its representation of Plaintiffs and the Class Members in this matter, as well as in the initial action, *Drew, et al. v. The Vons Companies, et al.,* Case No. 20-347 (C.D. Cal.).

27. To date, across both actions, Thomas & Solomon has expended over 1,100 hours prosecuting. This includes time spent investigating Plaintiffs' claims, communicating with dozens and dozens of Class Members, drafting the complaints, conducting legal research on the pertinent unsettled legal issues involved in the case, communicating with the various courts, participating in discovery, drafting motion papers, reviewing offers of judgment, consolidating actions, participating in settlement negotiations and a mediation, and preparing and filing the requisite settlement approval documents.

28. Notably, these hours do not reflect all of the time that Plaintiffs' counsel will continue to spend on the Settlement, including preparation of this motion, preparation of the Settlement website and other administrative issues, and handling telephone calls and inquiries from Class Members. Nor does it the time that Thomas & Solomon has voluntarily excluded through its use of billing judgment discretion.

29. I am informed by my associate Erin Hanlon, and on that basis, I believe that Ms. Hanlon has carefully reviewed the time logs for this matter and categorized the time entries that were spent on these actions.

30. I am further in informed by my associate Erin Hanlon, and on that basis, I believe that Ms. Hanlon has carefully reviewed the time logs for this matter and categorized the time entries that were spent on these matters, that Ms. Hanlon has reviewed all the time expended by Plaintiffs' counsel since the inception of this matter and has categorized all time spent by type of task as follows:

- 277.4 hours were related to case development (including investigation, case assessment, and case administration).

- 49.7 hours were related to communications (with plaintiffs, proposed class members, opposing counsel, co-counsel).
- 26.6 hours were related to preparation for and attendance at court hearings.
- 97.7 hours were related to discovery and document review.
- 254 hours were related to motions (including legal research related to the motion).
- 94.9 hours were related to pleadings (including researching, drafting, filing, amending complaint and amended complaints).
- 75.2 hours were related to correspondence (including prepare/review electronic correspondence).
- 227.4 hours were related to settlement (including mediating, negotiating, and drafting the settlement, as well as settlement administration).

*Thomas & Solomon LLP's Reasonable Hourly Rates*

31. When multiplying Thomas & Solomon's 1,102.9 hours expended in this matter by the firm's standard hourly rates of each attorney and paralegal involved in this matter, Thomas & Solomon's lodestar amounts to $541,938.50. Thomas & Solomon's lodestar calculation is illustrated in the chart below:

| Timekeeper | Hourly Rate | Year Graduated Law School | Hours | Total Lodestar |
|---|---|---|---|---|
| J. Nelson Thomas (partner) | $740 | 1993 | 35.9 | $26,566.00 |
| Jessica Lukasiewicz (partner) | $700 | 2008 | 311.7 | $218,190.00 |
| Jonathan W. Ferris (associate) | $525 | 2012 | 339.6 | $178,290.00 |
| Erin K. Hanlon (associate) | $525 | 2009 | 22.2 | $11,655.00 |
| Conor T. Tallet (associate) | $350 | 2018 | 137.5 | $48,125.00 |
| Adam T. Sanderson (associate) | $350 | 2018 | 12.1 | $4,235.00 |
| Paralegals | $225 |  | 243.9 | $54,877.50 |

32. Thomas & Solomon's standard hourly rates for attorneys and paralegals are comparable to those rates of other class action attorneys and paralegals with similar experience within this district. *See, e.g.*, *Der-Hacopian v. DarkTrace, Inc.*, No. 18-cv-6726, 2020 WL 7260054, at *8 (N.D. Cal. Dec. 10, 2020) (finding $775 for partner, $400 for associates, and $225 for paralegals to be reasonable hourly rates in FCRA case); *Esomonu*, 2019 WL 499750, at *7 (finding $750 hourly rate for partner reasonable in FCRA case); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-2200, 2020 WL 6484833, at *11 (N.D. Cal. Nov. 4, 2020) (finding associate hourly rates between $425 and $695 to be "in line with prevailing rates in this district").

*The Court Should Reimburse Thomas & Solomon LLP's Out-of-Pocket Costs*

33. Since the outset of this case, Thomas & Solomon incurred $22,770.64 in unreimbursed costs prosecuting this case on behalf of Plaintiffs and the Class.

34. I am informed by my associate Erin Hanlon, and on that basis, I believe that Ms. Hanlon has carefully reviewed the expense logs for this matter and categorized the costs that were spent on this matter. As illustrated in the chart below, such out-of-pocket expenses included: (1) copying costs; (2) computer research; (3) postage costs; (4) *pro hac vice* admissions, process servers, courier services, filing fees, and local counsel costs; (5) court hearing travel related costs; and (6) mediation costs.

| $ Amount | General Description |
|---|---|
| $103.44 | Copying ($.12/page) |
| $1,866.80 | Computer research |
| $251.51 | Postage costs |
| $13,233.83 | *Pro hac vice* admissions, process servers, courier services, filing fees & local counsel costs |
| $1,954.69 | Court hearing travel related costs |
| $5,360.37 | Mediation costs |
| **Total $** $22,770.64 | |

35. Thomas & Solomon fronted these costs without any guarantee of repayment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Executed March 5, 2021, in Rochester, New York.

        /s/ Jessica L. Lukasiewicz
        Jessica. L. Lukasiewicz