UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KENDRA SULLIVAN, MARIANNA WILLIAMS, JOHANNA MATHEWS, SHARMARRAY ROSS, STACI GILMAN, KYSHA DREW AND JEANNIE JONES, individually and as representatives of the class,

Plaintiffs,

v.

SAFEWAY INC., THE VONS COMPANIES, INC., VONS SHERMAN OAKS, LLC, SAFEWAY SOUTHERN CALIFORNIA, INC., AND SAFEWAY LEASING, INC.

Defendants.

Case No. 3:19-cv-03187-MMC (Consolidated)

**~~[PROPOSED]~~ FINAL JUDGMENT**

The Court hereby enters final judgment as defined in Federal Rule of Civil Procedure 58(a) in this action as between Plaintiffs and Defendants. Pursuant to this Final Judgment:

1. The settlement of this class action on the terms set forth in the Parties' Class Action Settlement Agreement, with exhibits and any amendments thereto (collectively, the "Settlement Agreement"), and definitions included therein, signed and filed with this Court on December 30, 2020, is finally approved.

2. The following class is granted final certification for settlement purposes only under Federal Rule of Civil Procedure 23(a) and (b)(3): All employees and/or prospective employees of Defendants within the United States who were the subject of a consumer report by Defendants anytime between and including June 6, 2017, and November 25, 2019, inclusive, for the Safeway Subclass, and February 20, 2018, and November 25, 2019, inclusive, for the Vons Subclass. Excluded from the Settlement Class are (i) persons who timely and properly excluded themselves from the Settlement Class as provided in the Settlement Agreement; and (ii) the Court and Court staff, if any.

3. The Court finds that only those individuals listed in Exhibit A to the Joint Report Regarding Status of Claim Forms and Exclusion Requests and filed with the Court have submitted timely and valid requests for exclusion from the Settlement Class and are therefore not bound by this Final Judgment and accompanying Order Granting Motion for Final Approval of Class Action Settlement ("Final Approval Order"). A copy of this Exhibit is attached hereto as Exhibit A. All other members of the Settlement Class are bound by the terms and conditions of the Settlement Agreement, this Final Judgment, and the accompanying Final Approval Order.

4. The dissemination of the Class Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, as described in the Declaration of Keith Salhab, (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Final Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the

Federal Rules of Civil Procedure, 28 U.S.C. §1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Northern District of California's Procedural Guidance for Class Action Settlements.

5. The claims in *Kendra Sullivan, et al, v. Safeway Inc., et al*, Case No. 3:19-cv-03187-MMC, as amended on December 30, 2020 (Dkt. No. 97) (the "Action") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Court's Final Approval Order, without costs to any party except as provided in the Final Approval Order.

6. All Settlement Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Settlement Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class actions), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is covered by the Release of Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

7. Class Counsel and Defendants shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

8. Class Counsel are awarded $608,169.37 in attorneys' fees and expenses, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement Agreement.

9. The Class Representatives are awarded the following amounts as a service award in their capacities as representative Plaintiffs in the Action: $7,000.00 is awarded to Kendra Sullivan, Marianna Williams, Johanna Mathews, and Sharmarray Ross; $6,000.00 is awarded to Staci Gilman; and $5,000.00 is awarded to Kysha Drew and Jeannie Jones.

10. The Court approved the use of American Legal Claims Services, LLC, as the Claims Administrator. In accordance with Paragraph 30 of the Settlement Agreement, the Claims

Administrator is hereby awarded fees and costs in the amount of $105,000, to be paid from the Gross Settlement Sum as specified in the Settlement Agreement.

11. In the event that the Settlement Agreement by its terms becomes void or if, for any reason, the Final Effective Date of the Settlement Agreement does not occur, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, the Settlement Class shall be decertified, any payments made by Defendants shall be returned, and all orders entered in connection with the Settlement Agreement shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

12. The Court will retain exclusive jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as over any and all matters arising out of, or related to, the Settlement Agreement.

**IT IS SO ORDERED.**

**DATED:** June 21, 2021

The Honorable Maxine M. Chesney
United States District Judge